**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| IN RE SEALED SEARCH WARRANTS<br>ISSUED JUNE 4 AND 5, 2008 | No. 08-M-208<br>(DRH) |

---

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| HON. MICHAEL B. MUKASEY<br>Attorney General<br>Attorney for United States of America<br>United States Department of Justice<br>10th & Constitution Avenue<br>Washington, D.C.  20530 | RICHARD C. PILGER, ESQ.<br>M. KENDALL DAY, ESQ.<br>Trial Attorneys<br>Public Integrity Section<br>Criminal Division |
| CLAYMAN & ROSENBERG<br>Attorney for William D. Powers and<br>   Powers & Co.<br>305 Madison Avenue<br>New York, New York 10165 | SETH L. ROSENBERG, ESQ. |
| BRENDAN J. LYONS<br>Pro Se Proposed Intervenor and Movant<br>Senior Writer<br>Times Union/Hearst Corporation<br>News Plaza Box 15000<br>Albany, New York 12212 | |

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

## MEMORANDUM-DECISION AND ORDER

On June 4 and 5, 2008, search warrants were issued for the offices and storage annex of Powers & Co., a business located in Albany, New York.  Upon the application of the United States, the search warrants, applications, and supporting affidavits were sealed. The two warrants were executed on June 6, 2008 and the returns were likewise ordered sealed.  Presently pending is the motion of Brendan J. Lyons ("Lyons") pro se, a reporter for the Times Union newspaper and the Hearst Corporation, to unseal all documents related to

both search warrants.¹  In response, the United States moves to unseal the search warrants and returns but opposes Lyons' motion in all other respects.²  Counsel for William D. Powers and Powers & Co. (collectively "Powers & Co.") opposes Lyons' motion in its entirety.  For the reasons which follow, Lyons is granted leave to intervene for purposes of this motion and his motion is granted in part and denied in part.

## I. Background

On June 4, 2008, Special Agent Ray B. Cook, III of the Federal Bureau of Investigation applied for a search warrant for the office of Powers & Co. at 90 State Street in Albany.  Docket No. 1.  The following day, Cook applied for a second warrant for the storage annex of Powers & Co. at the same address.  Docket No. 5.  Both applications were granted, warrants were issued, and the documents were sealed on motion of the United States.  Docket Nos. 2, 3, 6, 7.  Both warrants were executed on June 6, 2008 and the returns on those warrants were filed under seal.  Docket Nos. 4, 8; see Fed. R. Crim. P. 41(f)(4).

By letter dated June 16, 2008, Lyons requested that records related to the search of Powers & Co. be unsealed.  Lyons' letter was forwarded to the attorney for the United

---

¹Lyons' motion was made in a letter dated June 16, 2008.  That letter is deemed a motion to intervene and to unseal.  The United States responded in a letter dated July 1, 2008.  Powers & Co. responded in a letter dated June 30, 2008.  In addition, the Court sent a letter to the United States dated June 17, 2008.  The Clerk is directed to file all such letters in the docket of the above-captioned matter.

²The United States' response refers to a single search warrant.  The two warrants are interrelated, however, and both Lyons' motion and the responses thereto will be deemed to apply to both warrants.

2

States with the directions to serve any known interested parties and to serve any response on or before July 1, 2008. Both the United States and Powers & Co. have served responses. The response of the United States moved to unseal the search warrants and returns but opposed unsealing the affidavits. The response of Powers & Co. opposed unsealing the search warrant records in their entirety. To date, no indictments have been returned which relate to the subject matter of the affidavits supporting the search warrants.

## II. Discussion

Lyons seeks the unsealing of the documents filed in connection with the two search warrants, asserting both a First Amendment and a common law right of access. In such circumstances, a court must first "look to the common law, for [a court] need not, and should not, reach the First Amendment issue if judgment can be rendered on some other basis." Gardner v. Newsday, Inc., 895 F.2d 74, 78 (2d Cir. 1990). As to Lyons' common law claim, the Second Circuit has explained that "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history" and there exists a presumption of access to such documents. Lugosch v. Pyramid Co., 435 F.3d 110, 119 (2d Cir. 2006).

> The presumption of access is based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice. . . . [P]rofessional and public monitoring is an essential feature of democratic control. Monitoring both provides judges with critical views of their work and deters arbitrary judicial behavior. Without monitoring, moreover, the public could have no confidence in the conscientiousness, reasonableness, or honesty of judicial proceedings. Such monitoring is not possible without access to testimony and documents that are used in the performance of [judicial] functions.

United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995) (Amodeo II).

In evaluating a claim to access under the common law, a court must determine (1)

whether the documents to which access is sought constitute "judicial documents" giving rise to a presumption of access; (2) if so, the weight accorded the presumption; (3) the existence of any countervailing factors militating against public access; and (4) whether the presumption of access outweighs the countervailing factors.  Lugosch, 435 F.3d at 119-26.  The central focus of the inquiry is the relationship of the documents to the judicial process, not the particular motivations of those seeking access.  See Logusch, 435 F.3d at 123; Amodeo II, 71 F.3d at 1050.

### A. Judicial Documents

The fact that a document is filed with a court does not, by itself, render that document a "judicial document."  Lugosch, 435 F.3d at 119 (quoting United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995) (Amodeo I)).  "In order to be designated a judicial document, 'the item filed must be relevant to the performance of the judicial function and useful in the judicial process.'"  Id. (citation omitted).  The documents contained in the file of the two search warrants consist of the two warrants and returns, Cook's applications and affidavits, two sealing orders, and two applications for sealing orders.  The warrants and orders are documents representing decisions by a judge and are, therefore, quintessentially judicial documents.  See U.S. Const. amend. IV (requiring that a search warrant issue only "upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized"); Fed. R. Crim. P. 41(d)(1) (same).  Cook's affidavits were also mandated by the Fourth Amendment and by Fed. R. Crim. P. 41.  Both constitute the basis upon which a judge determined to issue the warrants, both are thus relevant to and useful in the judicial process, and both are, therefore, likewise

4

judicial documents. The returns were also mandated by a rule of procedure. See Fed. R. Crim. P. 41(f)(1)(D). They also, therefore, became a judicial document upon their filing.

Accordingly, all documents contained in the docket of the two search warrants are judicial documents.

### B. Weight of the Presumption

The presumption of access to a judicial document varies in weight depending upon the document's significance in the adjudicative process. Lugosch, 435 F.3d at 121; Amodeo II, 71 F.3d at 1049. Thus, "where documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches." Lugosch, 435 F. 3d at 121 (citing Amodeo II, 71 F.3d at 1049). Where documents "come within a court's purview solely to insure their irrelevance," the weight in this "middle" category declines accordingly. Amodeo II, 71 F.3d at 1049. At the lowest end are "documents [which] play only a negligible role in the performance of [judicial] duties" and carry a presumptive weight which "amounts to little more than a prediction of public access absent a countervailing reason." Id. At 1150.

Here, the documents filed in connection with the two search warrants adjudicated the right of individuals under the Fourth Amendment not to be subjected to government intrusion absent a judicial determination of sufficient cause. This right is held among this country's highest values. See generally Stanford v. Texas, 379 U.S. 476, 481-84 (1965) (describing the history of the Fourth Amendment and noting that it represented a "culmination . . . of a struggle against oppression which had endured for centuries."). The judicial determination whether to permit the government to enter and search private

property qualifies, therefore, as a determination of an individual's substantive legal rights and of the government's investigative powers at the heart of the performance of judicial functions.  See generally United States v. Leon, 468 U.S. 897, 913-14 (1984) (noting the requirement of the Fourth Amendment that a judicial officer issuing a warrant be "neutral and detached . . . 'and not . . . a rubber stamp for the police.'" (citations omitted)); Johnson v. United States, 333 U.S. 10, 14 (1948) (Jackson, J.) ("The right of officers to thrust themselves into a home is also a grave concern, not only to the individual but to a society which chooses to dwell in reasonable security and freedom from surveillance.").  The presumption of access attaching to the documents at issue here, then, falls at the highest end of the continuum described in Amodeo II and Lugosch and carries the maximum possible weight.

### C. Countervailing Factors

Notwithstanding the existence here of the strongest presumption in favor of access, countervailing factors may exist which outweigh that presumption.  Lugosch, 435 F.3d at 124.  Depending on the weight accorded such countervailing factors, a court may determine to leave documents sealed or to withhold from public access certain portions of the documents.  Id. at 124-25; see also United States v. Aref, __ F.3d __, 2008 WL 2598018, at *8 (2d Cir. July 2, 2008).  Such factors may include matters protected by legal privileges, Lugosch, 435 F.3d at 125; concerns for law enforcement efforts or judicial efficiency, Amodeo II, 71 F.3d at 1050; and the privacy interests of third-parties, id. at 1050-51; Gardner, 895 F.2d at 79-80.  Here, the United States and Powers & Co. contend that Cook's applications and affidavits would compromise an ongoing criminal investigation and

unfairly infringe the privacy interests of third parties.

It is clear from the record that the United States' criminal investigation is ongoing. From Cook's affidavits, it appears that the principal subjects of the investigation have been aware of its existence since before the searches. Thus, the risk of flight or destruction of evidence from the subjects learning that they are under investigation existed before the searches. However, the applications and affidavits would disclose to the subjects the full range of potential criminal violations being investigated, the evidence obtained by the United States prior to the searches, and the information which the subjects and other individuals had provided to the United states or had failed or declined to provide. If such information is disclosed to the subjects of investigations before the institution of charges, there exists a risk that those individuals could conceal or destroy other evidence, influence information and testimony given by others, and otherwise delay and obstruct the investigation.

Moreover, where, as here, the affidavits disclose the existence and identity of individuals who have cooperated in the investigation or otherwise provided information, disclosure could subject those individuals to witness tampering, harassment, or retaliation. Amodeo II, 71 F.3d at 1051-52. Thus, premature disclosure of the existence and identity of such witnesses might also jeopardize the investigation by deterring these individuals and others from continuing to provide information. Powers & Co. also contends that disclosure of the search warrant documents would infringe privacy interests of third parties.

For both reasons, the countervailing factors at this stage carry substantial weight in favor of maintaining the secrecy of Cook's applications and affidavits.

**D. Applying the Balancing Test**

The search warrants, sealing order documents, and returns do not contain any information which reasonably could reveal identities of any source of information or third parties. They also do not reveal the scope or subjects of the investigation. The United States has stipulated to the unsealing of the search warrants and returns. Given the presumption of access applicable here, the search warrants, returns, and sealing order documents will be unsealed.

Cook's applications and affidavits present different considerations. Those documents reveal details of the United States' investigation which could be used to affect adversely the outcome of that investigation before any charges are filed or a decision is made not to seek formal charges. At this stage, the public has at least as great an interest in preserving the integrity and security of criminal investigations as in obtaining access to judicial documents. Where, as here, the investigation will result in the filing of charges or the determination not to do so, the interest in the integrity and security of that investigation outweighs the interest in immediate access to the documents, particularly where future disclosure of the documents is likely. See In Re Sealed Search Warrant, No. 04-M-370 & -388, 2006 WL 3690639, at *4-5 (N.D.N.Y. Dec. 11, 2006) (holding that the weight accorded countervailing factors diminishes after indictment or a decision not to prosecute). Thus, a balancing of factors compels the conclusion that the applications and affidavits should remain sealed.

This determination does not end the inquiry, however. The Second Circuit has recently reiterated

> the requirement that district courts avoid sealing judicial documents in their

> entirety unless necessary. Transparency is pivotal to public perception of the judiciary's legitimacy and independence. The political branches of government claim legitimacy by election, judges by reason. Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification.

Aref, 2008 WL 2598018, at *8 (quotation marks and citation omitted).  A review of the applications and affidavits indicates that no portion of those documents may be unsealed without compromising the interest in the integrity and security of the investigation.  The applications set forth the legal theories of the investigation.  The affidavits assert in each paragraph facts discovered by the United States and the sources thereof.  Accordingly, unsealing either the applications or affidavits, even in redacted form, cannot be accomplished at this stage without serious risk to the investigation.  Therefore, even considering release in redacted form, the applications and affidavits must remained sealed at this time.[3]

### III. Conclusion

For the reasons stated above, it is hereby

**ORDERED** that:

    1. Lyons is granted leave to intervene in this matter to move to unseal the

---

[3] Alternatively, under the First Amendment, "[d]ocuments to which the public has a qualified right of access may be sealed only if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest."  Aref, 2008 WL 2598018, at *7 (quotation marks and citation omitted).  For the reasons discussed above under the common law, the analysis under the First Amendment leads to the same conclusion that the search warrants, returns, and sealing order documents be unsealed and that the applications and affidavits remain sealed in their entirety.

documents contained in the docket;

    2. Lyons' motion to unseal is **GRANTED** to the extent that the Clerk shall unseal the

        A. Search warrants and returns (Docket Nos. 4 & 8) in their entirety; and

        B. Sealing orders and applications for sealing (Docket Nos. 2, 3, 6, & 7) in their entirety; and

        C. To permit either the United States or Powers & Co. to seek a stay pending any appeal, the Clerk shall delay the unsealing until **July 18, 2008** at **1:00 p.m.**; and

    3. Lyons' motion is **DENIED** as to Cook's applications and affidavits in support of search warrants (Docket Nos. 1 & 5) and such documents shall remain **SEALED** in their entirety.

**IT IS SO ORDERED.**

DATED: July 14, 2008
       Albany, New York

                        *David R. Homer*
                        United States Magistrate Judge